T.C. Summary Opinion 2010-85

UNITED STATES TAX COURT

THOMAS E. DYKES AND SALLY A. DYKES JASKE, Petitioners
v. COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9866-09S.                    Filed June 29, 2010.

Mary M. Gillum, for petitioner Thomas E. Dykes.

Sally A. Dykes Jaske, pro se.

Caroline R. Krivacka, for respondent.

RUWE, Judge:  This case was heard pursuant to the provisions
of section 7463[1] of the Internal Revenue Code in effect when the
petition was filed.  Pursuant to section 7463(b), the decision to

_____

[1]Unless otherwise indicated, all section references are to
the Internal Revenue Code, and all Rule references are to the Tax
Court Rules of Practice and Procedure.

be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a $852 deficiency in petitioners' 2006 Federal income tax on the basis of the omission of $6,807 of retirement income. Petitioners now agree that the $6,807 of retirement income is subject to tax, and respondent agrees that petitioners are entitled to a $40 telephone excise tax credit. Therefore, the only issue remaining is whether Sally A. Dykes Jaske (petitioner) is entitled to relief from joint liability under section 6015.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by reference.

At the time the petition was filed, petitioners resided in Tennessee.

Thomas E. Dykes (Mr. Dykes) received $6,807 of disability pension income in 2006 from the National Electrical Benefit Fund. Petitioner was aware that Mr. Dykes received the pension income in 2006. Petitioner prepared petitioners' joint 2006 Federal income tax return. Petitioner reflected the pension income on the timely filed tax return but did not include it as taxable income.

Petitioners were divorced in 2007, and petitioner has since remarried. On April 24, 2009, respondent received from petitioner a Form 8857, Request for Innocent Spouse Relief. Petitioner asserts that when Mr. Dykes began to receive the disability pension, she had been advised by a certified public accountant that the payments were not taxable. Petitioner also states that she cannot afford to pay Mr. Dykes' bills. On the Form 8857 petitioner lists $2,695 of monthly income and $2,629.70 of monthly expenses.

Petitioner's adjusted gross income in 2009 was reported on her 2009 Federal income tax return in the amount of $34,793, which is $2,899.40 of monthly income.

### Discussion

Section 6015 provides three types of relief from joint liability. Subsection (b) provides a form of relief available to joint filers. In order to qualify under subsection (b), petitioner must not have known or had reason to know at the time the return was signed that there was an understatement. Petitioner was aware of the pension income paid to Mr. Dykes. Knowledge of the omitted income is sufficient to disqualify her. This Court has stated that where the spouse claiming relief under section 6015(b) or (c) had actual knowledge of the transaction giving rise to omitted income, relief was not available. King v. Commissioner, 116 T.C. 198, 203 (2001); Cheshire v. Commissioner,

115 T.C. 183, 192-193 (2000), affd. 282 F.3d 326 (5th Cir. 2002)). Therefore, petitioner had reason to know of the understatement, and relief is not available under section 6015(b).

Subsection (c) provides for relief from liability for a deficiency when a joint return was filed and the taxpayers are no longer married, are legally separated, or lived apart (i.e., were not members of the same household). Sec. 6015(c)(3)(A)(i). A taxpayer is not eligible for relief under subsection (c) if the Commissioner demonstrates that the taxpayer had actual knowledge of the items giving rise to the deficiency. Sec. 6015(c)(3)(C).

It is clear that petitioner had actual knowledge of the omitted income. Petitioner's belief that the income was not subject to tax does not affect her actual knowledge that the income was received. Accordingly, petitioner is not eligible for relief under section 6015(c).

In cases where relief is unavailable under section 6015(b) and (c), section 6015(f) gives the Commissioner authority to grant equitable relief on the basis of all the facts and circumstances. Rev. Proc. 2003-61, 2003-2 C.B. 296. The factors set forth in Rev. Proc. 2003-61, supra, include, inter alia, whether the nonrequesting spouse abused the requesting spouse, whether the nonrequesting spouse has a legal obligation to pay the outstanding income tax liability under a divorce decree or

agreement, whether there was significant benefit to the requesting spouse, and whether the requesting spouse would suffer economic hardship if relief were not granted. Id. sec. 4.03, 2003-2 C.B. at 298-299.

There are no allegations of spousal abuse and no provision for the payment of any tax liabilities in the divorce decree. Although there has been no significant benefit to petitioner, both she and Mr. Dykes received the benefit of not paying tax on the pension income. On the basis of the facts herein, the only potential basis for providing equitable relief under section 6015(f) is financial hardship. At trial petitioner's testimony was short and petitioner simply stated that she could not pay the tax. Considering the tax amounts involved, and the information in the record, we find her conclusory statement unconvincing. Petitioner has not established that she is entitled to equitable relief under section 6015(f).

To reflect the foregoing,

Decision will be entered

under Rule 155.